*W. A. Kinney* and *C. Brown,* for defendant.

Honolulu, January 16, 1884.

---

## WM. BROWN *vs.* KOLOA SUGAR CO.

EXCEPTIONS FROM JUDGMENT OF AUSTIN, J., ON DEMURRER.

SPECIAL TERM, DECEMBER, 1883.

JUDD, C. J.; McCULLY and AUSTIN, JJ.

Where a complaint in an action on a contract was demurred to because the contract was verbal and not to be performed within a year; held that it must affirmatively appear from the contract and surrounding circumstances that it could not be performed in a year.

If defendant assisted plaintiff and advanced him money, and the contract could be performed within a year from the last assistance rendered, the assistance may be construed as a reassertion of the contract.

Judgment affirmed.

OPINION OF THE FULL COURT BY AUSTIN, J.

THIS case is here on exceptions from a decision below, over-

ruling a demurrer made to the complaint in an action on contract, on the ground that the contract was not in writing, and was therefore invalid, because its terms showed it could not be performed within one year.

The Court refer to and adopt the opinion in the Court below; and further say that the acts of the defendant as alleged, in furnishing seed cane and a plow and money to aid the plaintiff in the planting and cultivation of the sugar cane, for the failure to grind which the plaintiff seeks damages, may properly be construed as a reassertion of the contract at the time the last of such advances were made; and that, if from that time the contract could possibly be performed within a year, the statute of frauds does not apply.

Exceptions are overruled, with leave to the defendants to answer in twenty days.

*S. B. Dole*, for plaintiff.

*Smith & Thurston*, for defendants.

Honolulu, January 24, 1884.

### OPINION OF AUSTIN, J., BELOW.

A demurrer is interposed to the complaint in the case upon the ground that it shows upon its face that the contract, for breach of which damages are claimed, is not to be performed within one year from the making thereof, and is therefore void under the Statute of Frauds. Civil Code, Section 1053, subdivision 5.

The allegations in the complaint are not very definite, but upon demurrer no advantage can be taken of that.

The exact time of making the contract is not stated, but it is averred that it was made in 1880 and 1881. This includes all of 1881. It is alleged that the parties agreed that the plaintiff should plant sugar cane on his available land in Koloa, amounting to eight acres, more or less, to be ground and manufactured into sugar at defendant's sugar works in Koloa, and that defendant would, at a suitable time after the same had matured, haul the said cane from the plaintiff's land to defendant's mill, and manufacture the same into sugar, at a charge of one half the sugar and molasses, the product of said cane.

This is the whole contract as alleged.

The plaintiff further alleges that, in pursuance of the contract, three acres were planted in 1881, and subsequently, in 1881 and 1882, a second piece of land of about five acres was planted, and that the defendant furnished seed cane for all the planting, and for the second piece furnished a plow and made advances of money, and that about January, 1883, when the first field was mature and in good condition to be ground, the defendant refused to grind it, or any part of plaintiff's cane.

In Sec. 279 of Brown on the Statute of Frauds, it is said :

"The statute provides simply that if the contract does by its terms expressed, or from the situation of the parties, reasonably implied, require more than a year for its performance, they must put it in writing. In other words, it must affirmatively appear from the contract itself, and all the circumstances that enter into the interpretation of it, that it cannot in law be performed within the space of a year from the making."

This I believe to embody the rule, as derived from the cases cited by the counsel for both parties, and I shall decide the case by that rule.

Manifestly, although the first field planted was but three acres, yet if sufficient labor had been applied, the whole eight acres might have been planted at about the same time. The fact that five acres were subsequently planted, and are not yet ripe, does not affect the validity of the contract. The contract is not rendered void by the long delay in execution, if, as matter of fact, it might, in the nature of things, be completed within the year.

There is nothing alleged to show but that the eight acres might have been planted, matured, cut and ground within a year from the making of the contract. If that could be done, the contract was a valid one ; if not, then it was void. I cannot hold it void upon this pleading.

If there should be a trial, and it should then be proved that a crop could not be planted and harvested in a year, it would be a defense.

The demurrer is overruled, with leave to answer in ten days.